FRITTS ET AL. *v.* LINTON-SUMMIT COAL COMPANY.

[No. 15,533. Filed October 16, 1935. Rehearing denied January 8, 1936.]

*Curtis G. Shake* and *Joseph W. Kimmell,* for appellants.

*Hays & Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier,* for appellee.

CURTIS, P. J.—This is an appeal from an order of the full Industrial Board of Indiana denying the application of the appellants for workmen's compensation benefits for the death of Charles Fritts, who is alleged to have sustained a bodily injury by an accident arising out of and in the course of his employment as the employee of the appellee, on January 11, 1935, and resulting in his death on February 5, 1935, it being claimed that appellants were dependents within the meaning of the Indiana Workmen's Compensation Act.

Both the single member and the full board denied the claim for compensation. From the award and order of the full board this appeal was prayed and granted. The assignment of error is that the order of the full board is contrary to law. The appellee has filed a motion with much merit to dismiss the appeal on the ground of defects in briefing by the appellant, but we have concluded to consider the case upon its merits and to overrule the motion, which is now done.

That part of the finding of the full board which is salient in the decision of this case is as follows: "And the full Industrial Board, having heard the argument of counsel, having read the evidence and being duly advised therein, now finds that on January 11, 1935, while in the employ of the defendant at an average weekly

wage of $22.20, one Charles Fritts suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that on February 5th, 1935, the said Charles Fritts died; that at the time of his death the said Charles Fritts was living with his wife, Lucy Fritts, who was totally dependent upon him for support.

And the full Industrial Board further finds that at the time of the accident and death, Rose Marie. Fritts was not a dependent of Charles Fritts, within the meaning of the Workmen's Compensation Law.

And the full Industrial Board further finds that the death of the said Charles Fritts was not the result directly or indirectly of the accidental injuries sustained by him on January 11, 1935." The order was in accordance with the finding.

The appellants' contention is that the evidence is insufficient to sustain the finding and order in two particulars, to wit: First, as to the death of the decedent Charles Fritts not being the result, directly or indirectly, of the accidental injuries sustained by him on January 11, 1935; and secondly, that the appellant Rose Marie Fritts was not a dependent of Charles Fritts within the meaning of the Indiana Workmen's Compensation Law. If the full board was correct in its finding that the death of the said Charles Fritts was not the result, either directly or indirectly, of his said accidental injuries, then it becomes wholly unnecessary for us to consider the other question as to the dependency of Rose Marie Fritts. We, therefore, proceed to a determination of the first question.

The parties stipulated as follows: "It is stipulated between the parties that on January 11, 1935, Charles Fritts received an injury from an accident arising out of and in the course of his employment with the defendant, Linton-Summit Coal Company, of

which the defendant had knowledge and furnished medical·treatment; that the average weekly wage of said employee at said time was $22.20; that on February 5, 1935, said Fritts died under such circumstances as that a disagreement arose between these plaintiffs, Lucy Fritts and Rose Marie Fritts, and the defendant, Linton-Summitt Coal Company, as to whether or not said death was the proximate result of said personal injury sustained by said Charles Fritts on January 11, 1935. Following said disagreement herein, the defendant denied liability for dependency compensation of these claimants." This stipulation was followed by much evidence as to the cause of the death of Charles Fritts and some evidence as to the dependency of Rose Marie Fritts. Four doctors testified in the case, one being called by the appellants and three by the appellees. There was a post mortem examination of the body. There is some conflict in the medical testimony as to the cause of the death. One doctor testified concerning the death as follows: "I could not find anything in the clinical picture or in the autopsy to link his death with his injuries." and was then asked this question, "You see no connection at all with his injuries and death?" to which he replied, "No sir." The evidence of this doctor was corroborated by two other doctors. It is needless to say that this court will not weigh conflicting evidence. In our opinion there was an abundance of evidence to sustain the finding that the death of the said Charles Fritts was not the result, directly or indirectly, of the accidental injuries received by him on January 11, 1935. This being the case, it becomes unnecessary for us to pass upon the question of the dependency of Rose Marie Fritts. The award of the full board is not contrary to law and it is affirmed.

Award affirmed.